# IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
## EASTERN DIVISION

| | |
|---|---|
| **GEORIGE SIMMONS,** | )<br>) |
| **JOHNETTA SHERROD, and** | )<br>) |
| **ROBERT DILLARD** | )<br>) |
| Plaintiffs, | ) Cause No.<br>) |
| vs. | ) Division No.<br>) |
| **MICHAEL BUTLER, in his personal capacity,** | )<br>) **JURY TRIAL DEMANDED** |
| Serve at: City Hall - Room 126<br>1200 Market Street<br>St. Louis, Missouri 63103 | )<br>)<br>) |
| Defendant. | |

## VERIFIED PETITION AND COMPLAINT

**COMES NOW** Plaintiffs Georgie Simmons, Johnetta Sherrod, and Robert Dillard and, for their Verified Petition and Complaint against Defendant Michael Butler, allege the following.

1. This lawsuit arises out of a wrongful termination and violations of 42 U.S.C. § 1893 by Defendant City of St. Louis Recorder of Deeds Michael Butler, in a political retaliation against Plaintiffs Georgie Simmons and Johnetta Sherrod, who were long-term employees of the St. Louis City Recorder of Deeds Office, and Robert Dillard, who had been employed by the Recorder of Deeds Office for approximately two (2) years. On or around January 2, 2019, Defendant Butler, in violation of the Plaintiffs' First, Fifth, and Fourteenth Amendment rights established by the U.S. Constitution, terminated without cause the Plaintiffs and replaced them with individuals who contributed financially to his political campaign for the Recorder of Deeds position.

2. Defendant's conduct was in clear violation of federal and Missouri law.

3. Only this Court has the ability to reprimand Defendant for the wrongful termination

2. Defendant's conduct was in clear violation of federal and Missouri law.

3. Only this Court has the ability to reprimand Defendant for the wrongful termination and violation of Plaintiffs' constitutional rights and to order the reinstatement of the Plaintiffs' employment by entering the relief sought herein.

4. This is a civil action for violation of Plaintiffs' rights under the First, Fifth, and Fourteenth Amendments to the United States Constitution, actionable pursuant to 42 U.S.C. §1983.

## THE PARTIES, JURISDICTION, AND VENUE

5. Georgie Simmons is a resident of the City of St. Louis, Missouri.

6. Johnetta Sherrod is a resident of the City of St. Louis, Missouri.

7. Robert Dillard is a resident of the City of St. Louis, Missouri.

8. Each Plaintiff previously was employed by the City of St. Louis Recorder of Deeds Office.

9. Defendant Michael Butler is a resident of the City of St. Louis, Missouri and he is the newly-sworn in Recorder of Deeds for the City of St. Louis. All of Butler's actions set forth in this Complaint were done under color of law. Defendant Butler is sued in his individual capacity.

10. Defendant was at all times relevant to this case and in all actions and omissions alleged herein acting under color of law.

11. This Court has jurisdiction and authority over the matter under article V, section 14 of the Missouri Constitution because it is a civil case.

12. This cause is brought pursuant to 42 U.S.C. §1983 to redress the deprivation under color of rights secured by the federal constitution. This Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1331 and 1343.

13. Venue is appropriate in this Court pursuant to 28 U.S.C. § 1391(b), since the Defendant is located, and all of the incidents giving rise to this suit occurred, in this judicial district.

14. Divisional venue is proper in the Eastern District because all of the events leading to the claims for relief arose in St. Louis City and Defendant resides in the Eastern Division. E.D. Mo. L.R. 2.07(A)(1), (B)(1).

15. Under law and equity, Plaintiffs should be awarded all attorney fees, costs, and expenses incurred related to this dispute.

## FACTS

16. Defendant Michael Butler recently was elected to the Recorder of Deeds of the City of St. Louis, defeating previous Recorder of Deeds Sharon Q. Carpenter. Butler won his primary election on August 7, 2018, and the general election on November 6, 2018.

17. Plaintiffs Simmons and Sherrod are long-term employees of the Recorder of Deeds Office, each serving 20 years and 22 years, respectively, and under several elected Recorder of Deeds.

18. Plaintiff Dillard has been employed by the Recorder of Deeds Office for approximately two years.

19. None of the Plaintiffs were openly supportive of Defendant Butler during his political campaign. Plaintiff Dillard actively campaigned for previous Recorder of Deeds Carpenter during the primary election.

20. Leading up to the Primary Election held on August 7, 2018, Plaintiff Dillard spoke to Defendant Butler, who informed him and another employee, who were supporting the previous recorder, that he could not "guarantee" their positions if they did not support his political campaign.

21. Between August 7, 2018, and January 2, 2019, Defendant Butler appeared in the Recorder of Deeds Office on no fewer than four occasions, including September 7, 2018; November 16, 2018; December 10, 2018; and December 28, 2018; all for the purpose of speaking with staff and providing his assurances that no one would be fired for political retaliation or failing to support him as a political candidate.

22. However, numerous agents of Defendant Butler, including paid campaign staffer George Poole, appeared in the Recorder of Deeds Office to threaten long-term employees of the Office on behalf of Defendant Butler. Said threats were made against employees' positions in the Recorder of Deeds Office and agents, including Poole, specified that Plaintiffs would be terminated for not supporting Defendant Butler's political campaign. Poole appeared in the Recorder of Deeds Office no fewer than five times between August 7, 2018, and December 28, 2018.

23. As part of Defendant Butler's crusade against Plaintiffs to force them out of their positions, on or around December 17, 2018, another employee of the Recorder of Deeds Office, Ms. Denise Starks, a political supporter of Defendant Butler, filed a false and frivolous sexual harassment complaint against Plaintiff Simmons and another Recorder of Deeds employee.

24. Upon information and belief, this complaint was filed at the behest of Defendant Butler, who was set to take office on January 2, 2019, and under the assumption that the outgoing recorder would not be able to process the complaint. The unprocessed complaint, assumingly, would then fall onto the desk of Defendant Butler, who previously had expressed his desire to terminate Plaintiff Simmons prior to taking office. Defendant Butler took advantage of Ms. Starks by conspiring with her to file a false, frivolous complaint against Plaintiff Simmons.

25.     However, outgoing Recorder of Deeds Carpenter investigated the complaint filed by Ms. Starks and found it to be unsubstantiated, thus removing Defendant Butler's ability to terminate Plaintiff Simmons for cause.

26.     On January 2, 2019, Defendant Butler delivered to Plaintiffs Simmons and Sherrod the attached Letters of Termination. Said letters coerce Plaintiffs into waiving their rights afforded under federal and state law in exchange for two weeks' pay. Plaintiffs refused to sign away their rights afforded to them by law, and Defendant Butler terminated them, effective immediately.

27.     Defendant Butler then went on a "firing spree" of the Recorder of Deeds Office, terminating a number of employees, including Plaintiff Dillard, who did not support his political campaign.

28.     Defendant Butler then utilized three individuals, including Lucinda Frazier, Conswayla Frazier-Bosley, and Tim Person, to terminate a number of other employees, and said individuals were not yet officially employed by the Recorder of Deeds Office or on City payroll.

29.     Of note, Defendant Butler appointed Lucinda Frazier as Chief Deputy of the Recorder of Deeds Office, a position that previously was held by Plaintiff Simmons for four years and after fifteen years of employment. Frazier is the paramour of Freeman Bosley, Sr., an alderman and political supporter of Defendant who financially supported Defendant during his election to the Recorder of Deeds office.

30.     Defendant Butler further appointed Tim Person as Human Resources Manager, a position that was previously held by Plaintiff Sherrod. Person is a political consultant who assisted Defendant Butler during his election to the Recorder of Deeds office and further financially supported Defendant.

31. Neither replacement for Plaintiffs Simmons or Sherrod previously held a position in the Recorder of Deeds office or similar office, which potentially could have established qualifications to the Chief Deputy or Human Resources Manager positions, respectively. In fact, the only qualifications that Defendant Butler's replacements had for their newly-appointed positions was that they were political supports and financial contributors to Defendant's campaign.

32. On January 2, 2019, as Plaintiff Sherrod was leaving City Hall, Defendant Butler's agent, George Poole, who worked as a paid campaign staff member and frequented the Recorder of Deeds Office with threats of termination, physically confronted Plaintiff Sherrod. Defendant's agent caused Plaintiff Sherrod significant emotional distress and embarrassment, as said confrontation took place in front of dozens of people who were present during the incident.

33. Several other employees who were terminated are family members of elected officials, including Aldermen, who did not support Defendant Butler's political campaign.

34. In less than two hours of taking office, Defendant Butler has abused his new position as Recorder of Deeds to wrongfully terminate long-term City of St. Louis employees in favor of political campaign contributor and in retaliation against those who did not support him politically.

35. The Recorder of Deeds Employee Policy & Benefit manually expressly states that an employee's "position in the Recorder's Office is no way impacted negatively or positively by [her or his] participation in the political process." Said policy covers an employee's right to abstain from political participation.

36. Defendant Butler violated the Recorder of Deeds Employee Policy & Benefit Manual by directly targeting, punishing, and terminating Plaintiffs for not supporting his political campaign.

37. Defendant Butler further violated the well-established case law of this Court, including the decision issued by this Court in 1984 under *Barnes v. Bosley*, 745 F.2d 501. There, this Court held that political affiliation was not an appropriate requirement of the positions held by the plaintiffs there, also employees of the City of St. Louis. In that case, the defendant managed to attempt an interview and résumé review of the plaintiffs before terminating them on his third day of office; here, Defendant Butler made no attempt to evaluation the qualifications or positions of Plaintiffs and instead terminated them less than two hours after his private swearing-in ceremony.

38. Defendant Butler's actions are differentiated from those of St. Louis City Treasurer Tishaura Jones, who was sued by terminated employees under *Baker et al., v. Jones*, 4:13-cv-01334 (2013). There, Jones conducted an evaluation of all office employees and positions and eliminated a number of policymaking positions, terminating the employees who held those previous jobs after two weeks. Here, however, Defendant Butler failed to conduct any employee or position evaluations prior to the termination of Plaintiffs. Plaintiffs' positions further were ministerial positions – not policymaking positions – and they were not eliminated by Defendant Butler. Defendant Butler merely replaced Plaintiffs with unqualified political supporters.

39. Defendant's conduct was willful and intentional.

40. Defendant's actions were not only illegal and unethical, but he intentionally caused emotional distress and embarrassment to the Plaintiffs.

## COUNT I

### (First Amendment)

1. Plaintiffs restate, repeat, and incorporate by reference all other paragraphs of this Petition as though fully set forth herein.

2. Defendant Butler violated Plaintiffs' First Amendment rights when he, in his official capacity as the newly sworn-in Recorder of Deeds, terminated Plaintiffs' employment with the Recorder's Office after they did not support his political campaign for election to the Recorder position.

3. Plaintiffs are protected under the First Amendment of the U.S. Constitution, in that they have the right to associate – or not associate – with a political entity or candidate for office without the fear of retaliation.

4. Plaintiffs further are protected by previously-established case law, particularly under *Barnes v. Bosley, supra*, that protects government employees from political retaliation against incoming elected officials.

5. If Plaintiffs prevail, they are entitled to damages, including attorney fees pursuant to 42 U.S.C. §1988.

## COUNT II

### (Fifth Amendment)

6. Plaintiffs restate, repeat, and incorporate by reference all other paragraphs of this Petition as though fully set forth herein.

7. Defendant Butler violated Plaintiffs' Fifth Amendment rights when in, in his official capacity, terminated Plaintiffs' employment with the Recorder's Office without due process, or any sort of employment evaluation or disciplinary procedure.

8. Plaintiffs are afforded protections under the Fifth Amendment as employees of a government entity, and they are entitled to a disciplinary review pursuant to the Employee Policy & Benefit Manual.

9. Defendant Butler is responsible for the establishment and implementation of the policies, and lack thereof, that caused the deprivation of Plaintiffs' rights in St. Louis City.

10. Federal due process did not permit Defendant to terminate Plaintiffs without additional procedural protections.

11. Defendant's conduct shocks the conscience.

12. If Plaintiffs prevail, they are entitled to damages, including attorney fees pursuant to 42 U.S.C. §1988.

## COUNT III

### (Fourteenth Amendment)

13. Plaintiffs restate, repeat, and incorporate by reference all other paragraphs of this Petition as though fully set forth herein.

14. Defendant Butler violated Plaintiffs' Fourteenth Amendment rights when in, in his official capacity, terminated Plaintiff's employment with the Recorder's Office without due process, or any sort of employment evaluation.

15. Plaintiffs are afforded protections under the Fifth Amendment as employees of a government entity, and they are entitled to a disciplinary review pursuant to the Employee Policy & Benefit Manual.

16. At no point did Defendant Butler evaluate the Plaintiffs or their positions with the Recorder's office in order to determine if cause existed to terminate their employment.

17. If Plaintiffs prevail, they are entitled to damages, including attorney fees pursuant to 42 U.S.C. §1988.

## COUNT IV

### (Declaratory Judgment)

18. Plaintiffs restate, repeat, and incorporate by reference all other paragraphs of this Petition as though fully set forth herein.

19. This Court has the authority to declare the rights, status, and legal relations between the parties.

20. Plaintiffs have legally protectable interests at stake in this dispute, and they have standing to obtain a declaration of the rights, status, and legal relations of the parties.

21. Defendant has violated, threatened to violate, and continue to violate Plaintiffs' rights in a number of respects, including but not limited to those violations described in this Petition.

22. Defendant's ongoing violations of Plaintiffs' rights present a real, substantial, and presently-existing justiciable controversy.

23. Plaintiffs have no adequate remedy at law.

## COUNT V

### (Civil Conspiracy)

24. Plaintiffs restate, repeat, and incorporate by reference all other paragraphs of this Petition as though fully set forth herein.

25. Defendant conspired with and agreed to engage in a series of acts intended to benefit himself and his political donors, while damaging Plaintiffs and their rights. These acts included, but are not limited to, torts and legal violations outlined herein.

26. Defendant took one or more acts in furtherance of this conspiracy. Each of these acts was wrongful, unlawful, inequitable, and in violation of Plaintiffs' rights.

27. By undertaking these acts, Defendant caused damage to Plaintiffs.

28. There is no adequate remedy at law.

## COUNT VI

### (Wrongful Termination)

29. Plaintiffs restate, repeat, and incorporate by reference all other paragraphs of this Petition as though fully set forth herein.

30. Defendant intentionally and knowingly terminated Plaintiffs' employment in violation of the Recorder of Deeds Employee Policy and Benefits Manual, which protects Plaintiffs from political retaliation based on their political affiliations.

31. Defendant did not have an applicable privilege or right allowing him to terminate Plaintiffs' employment, as political affiliation is not a requirement for Plaintiffs' positions and Plaintiffs were not terminated "for cause."

32. Defendants and his agents further harassed and caused distress to Plaintiffs when his agent, namely George Poole, confronted Plaintiff Sherrod as she attempted to exit City Hall. Plaintiffs Simmons and Dillard observed the altercation and were embarrassed and distressed by Defendant's agent's conduct.

33. By undertaking these acts and allowing his agents to do so, Defendant caused damage to Plaintiffs.

34. There is no adequate remedy at law available to Plaintiffs.

35. If Plaintiffs prevail, they are entitled to damages, including attorney fees pursuant to 42 U.S.C. §1988.

**WHEREFORE**, Plaintiffs respectfully request that the Court enter judgment in favor of

.

.

Plaintiffs and against Defendant; compelling Defendant to reinstate Plaintiffs' employment and enjoining Defendant from further retaliating politically against Plaintiffs and other employees of the Recorder of Deeds Office; awarding Plaintiffs their attorney fees and costs herein incurred; and for such other and further relief as the Court deems just and proper.

STATE OF MISSOURI     )
                                       ) SS
CITY OF ST. LOUIS        )

    GEORGIE SIMMONS, JOHNETTA SHERROD, and ROBERT DILLARD, the affiants herein, being duly sworn upon their oaths, depose and state that the information contained in the foregoing are true and correct according to their best knowledge, information and belief.

_____
GEORGIE SIMMONS, Petitioner

*Johnetta Sherrod*
_____
JOHNETTA SHERROD, Petitioner

_____
ROBERT DILLARD, Petitioner

Subscribed and sworn to before me this 3 day of January, 2019.

_____
Notary Public

My commission expires

SAVANNAH DOWNS
Notary Public, Notary Seal
State of Missouri
St. Louis City
Commission # 15302124
My Commission Expires 11-15-2021

**LOTUS LAW & LEGAL SERVICES, LLC**

*Chelsea K. Merta*
---
Chelsea K. Merta, Esq., #66876
1409 Washington Avenue, Suite 211
St. Louis, Missouri 63103
O: (314) 896-3782
E: chelsea@lotuslawllc.com
Attorney for Plaintiff