UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| GEORGIE SIMMONS, et al., | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) Case No. 4:19CV10 HEA |
| | ) |
| MICHAEL BUTLER, | ) |
| | ) |
| Defendant, | ) |

# **OPINION, MEMORANDUM AND ORDER**

This matter is before the Court on Plaintiffs' Motion for Temporary Restraining Order, [Doc. No. 2]. Defendant opposes Plaintiffs' Motion. On January, 24 2019, a hearing was held on this matter, at which both parties were represented by counsel and arguments were presented. For the reasons set forth below, Plaintiffs' Motion for a Temporary Restraining Order is denied.

## **Facts and Background**

Defendant Michael Butler ("Butler") was newly elected as the Recorder of Deeds for the City of St. Louis in 2018. Plaintiffs Georgie Simmons ("Simmons"), Johnetta Sherrod ("Sherrod"), and Robert Dillard ("Dillard"), (collectively, "Plaintiffs") were employees of the City of St. Louis Recorder of Deeds Office until their termination on January 2, 2019, Butler's first day in office. Plaintiffs filed a verified Complaint in this court on January 3, 2019 alleging that they were wrongfully terminated in violation of the First, Fifth, and Fourteenth Amendments

as retaliation for not supporting Butler in his political campaign for the office of Recorder of Deeds. Plaintiffs allege that their former positions were filled with unqualified persons who had contributed to Butler's political campaign.

Plaintiffs filed this Motion for a Temporary Restraining Order seeking to be reinstated to their previous positions.

## Legal Standard

Plaintiff must establish the following to obtain a temporary restraining order: (1) the threat of irreparable harm to the Plaintiff; (2) the potential harm to Defendant should an injunction issue; (3) the probability of success on the merits; and (4) the public interest. *Dataphase Sys., Inc. v. C L Sys., Inc.*, 640 F.2d 109, 113 (8th Cir. 1981).

Temporary injunctive relief functions to "preserve the status quo until, upon final hearing, a court may grant full, effective relief." *Kansas City Southern Trans Co., Inc. v. Teamsters Local Union # 41*, 126 F.3d 1059, 1065 (8th Cir. 1997). "The burden of establishing that preliminary relief is warranted is on the party seeking the injunction." *U.S. Bank Nat. Ass'n v. Meyer*, No. 407CV00068 ERW, 2007 WL 188406, at *1 (E.D. Mo. Jan. 23, 2007).

## Discussion

A plaintiff seeking preliminary injunctive relief must establish it "is likely to suffer irreparable harm in the absence of preliminary relief." *Alpha Plastics, Inc.*

*v. Corthell*, No. 4:14CV1467 HEA, 2014 WL 4207004, at *1 (E.D. Mo. Aug. 25, 2014) (*quoting Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 129 S. Ct. 365, 374 (2008)). Failure to show irreparable harm is an independently sufficient ground upon which to deny a temporary restraining order. *Watkins v. Lewis*, 346 F.3d 841, 844 (8th Cir. 2003).

Irreparable harm must be certain and imminent such that there is a clear and present need for equitable relief. *Iowa Utils. Bd. v. F.C.C.*, 109 F.3d 418, 425 (8th Cir.1996). "Irreparable harm occurs when a party has no adequate remedy at law, typically because its injuries cannot be fully compensated through an award of damages." *Gen. Motors Corp. v. Harry Brown's, LLC*, 563 F.3d 312, 319 (8th Cir. 2009).

Plaintiffs' claimed irreparable harm is their loss of employment. Additionally, Plaintiffs Simmons and Sherrod allege irreparable reputational harm in that that they have applied for other jobs with St. Louis City government but have been turned down due to their termination from, and inability to get a recommendation from, the Recorder of Deeds Office. Simmons and Sherrod claim that because their 20-plus-year careers have been in City government, this reputational harm makes finding new jobs in their career fields impossible.

Although Plaintiffs have certainly alleged harm, they have not shown that they are faced with irreparable harm. The Supreme Court expressly disagreed with

the notion that "loss of earnings or damage to reputation might afford a basis for a finding of irreparable injury and provide a basis for temporary injunctive relief." *Sampson v. Murray*, 415 U.S. 61, 89, 94 S. Ct. 937, 952 (1974). Should Plaintiffs succeed in their claims, they will be compensated for back pay, an adequate remedy at law, and will be entitled to equitable relief, namely reinstatement to their previous positions at the Recorder of Deeds Office. No irreparable harm sufficient to support the entry of a temporary restraining order against Defendant has been shown by Plainitffs.

## Conclusion

Upon examination of the parties' allegations and arguments, the Court concludes that Plaintiffs have not shown an irreparable injury. Plaintiffs' Motion for a Temporary Restraining Order will be denied. Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion for Temporary Restraining Order, [Doc. No. 2], is **DENIED**.

Dated this 25th day of January, 2019.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE