UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| GEORGIE SIMMONS, et al., | ) |
| | ) |
|     Plaintiffs, | ) |
| | ) |
| v. | )   Case No. 4:19CV10 HEA |
| | ) |
| MICHAEL BUTLER, | ) |
| | ) |
|     Defendant, | ) |

## **OPINION, MEMORANDUM AND ORDER**

### Introduction

This matter is before the Court on Defendant's Motion to Dismiss Counts IV and V of Plaintiff's First Amended Complaint, [Doc. No. 16]. Plaintiffs oppose the Motion. A hearing on the motion was held on April 24, 2019. After the hearing, Defendant filed a supplemental brief in support of his motion. For the reasons set forth below, the Motion is granted.

### **Facts and Background**

Plaintiffs' First Amended Complaint alleges the following:[1]

On August 7, 2018, Defendant Michael Butler ("Butler") defeated the incumbent Recorder of Deeds for the City of St. Louis in the primary election for

---

[1] The recitation of facts is taken from Plaintiff's First Amended Complaint and is set forth for the purposes of the pending motion to dismiss. The recitation does not relieve any party of the necessary proof of any stated fact in future proceedings.

1

that office. On November 6, 2018, Butler won the general election. Plaintiffs Georgie Simmons ("Simmons"), Johnetta Sherrod ("Sherrod"), Robert Dillard ("Dillard"), and Julie Ellison ("Ellison") (collectively, "Plaintiffs") were employees of the City of St. Louis Recorder of Deeds Office (the "Office") until they were terminated on January 2, 2019, Butler's first day in office.

None of the Plaintiffs openly supported Butler during his political campaign. In March 2018, Butler had met with Simmons and Sherrod and asked them for their support in his political campaign. Simmons and Sherrod declined to become involved with any campaign, which caused Butler to become upset. Dillard actively campaigned for Butler's opponent, the previous Recorder of Deeds. On August 7, 2018, Butler told Dillard that he could not "guarantee" his position if he did not support Butler's campaign.

Between August 7, 2018, and January 2, 2019, Butler appeared in the Office on no fewer than four occasions, including September 7, November 16, December 10, and December 28. On these visits, he spoke with staff and provided assurances that no one would be fired for political retaliation for failing to support his candidacy. During the same time period, Butler's alleged agents, including paid campaign staffer George Poole, appeared in the Office to threaten long-term employees' positions in the Office. These agents, including Poole, said that the Plaintiffs would be terminated for not supporting Butler's political campaign.

2

Poole appeared in the Office no fewer than five times between August 7 and December 28, 2018.

On December 17, 2018, Denise Starks, an Office employee who was also a political supporter of Butler, filed a false sexual harassment complaint against Simmons and another employee. Plaintiffs allege that this complaint was "part of Defendant Butler's crusade against Plaintiffs to force them out of their positions," filed at the behest of Butler. Butler allegedly assumed that the outgoing Recorder of Deeds would not be able to process the complaint before Butler took office. Butler then would be the one to handle the complaint and have reason to terminate Simmons for cause. In fact, the outgoing Recorder of Deeds investigated the complaint and found it to be unsubstantiated. Plaintiffs allege that Butler "took advantage of Ms. Starks by conspiring with her to file a false, frivolous complaint against Plaintiff Simmons."

On January 2, 2019, Butler delivered letters of termination to Simmons and Sherrod. In essence, these letters offered Simmons and Sherrod two weeks' pay if they gave up their right to sue Butler and the City of St. Louis. Neither Simmons nor Sherrod would sign, and Butler terminated them. Butler included non-managerial employees in the termination meetings, which Plaintiffs claim violated Simmons' and Sherrod's right to privacy. As Sherrod was leaving City Hall,

George Poole physically confronted Sherrod in front of dozens of onlookers, causing Sherrod significant emotional distress and embarrassment.

Butler replaced Simmons and Sherrod with political associates who had no previous experience in the Recorder of Deeds Office. Plaintiffs aver that the replacements lacked requisite professional experience for the positions to which they were assigned.

The Recorder of Deeds Employee Policy & Benefit manual expressly states that an employee's "position in the Recorder's Office is no way impacted negatively or positively by [her or his] participation in the political process." Defendant issued a "status" form letter for each terminated employee that did not include the reason for termination as required by policy. Additionally, Butler dated the status letters for January 7, 2019, but did not send them until January 15, 2019. This "backdating" was allegedly done in an effort to prevent Plaintiffs from requesting a disciplinary hearing within the 10-day time limit required by policy.

Plaintiffs allege that they were wrongfully terminated in violation of the First, Fifth, and Fourteenth Amendments as retaliation for not supporting Butler in his political campaign for the office of Recorder of Deeds. Plaintiffs allege that Butler's conduct was willful and intentional and that he intentionally caused Plaintiffs emotional distress, pain and suffering, and health problems including elevated blood pressure, severe anxiety, and depression. Plaintiffs also allege loss

of income and loss of potential employment opportunities due to the history of "firing" in their employment record.

Plaintiff's Complaint alleges: violation of their First Amendment rights (Count I); violation of their Fifth Amendment and Fourteenth Amendment rights to due process (Count II and Count III, respectively); that they are entitled to declaratory judgment (Count IV); civil conspiracy (Count V); wrongful termination (Count VI).

Defendant Butler moves to dismiss Count IV and Count V pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim upon which relief may be granted. Defendant argues that declaratory judgment is not warranted and that the civil conspiracy claim is insufficiently pled as a matter of law and accordingly, those Counts must be dismissed.

**Motion to Dismiss Standard**

A motion to dismiss under Rule 12(b)(6) challenges the legal sufficiency of the complaint. *See Carton v. General Motor Acceptance Corp.*, 611 F.3d 451, 454 (8th Cir. 2010); *Young v. City of St. Charles*, 244 F.3d 623, 627 (8th Cir. 2001). To survive a motion to dismiss, the complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570 (2007). To meet the plausibility standard, the complaint must contain "more than labels and conclusions." *Id*. at 555. Rather, the complaint

must contain "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). The Court must grant all reasonable inferences in favor of the nonmoving party. *Lustgraaf v. Behrens,* 619 F.3d 867, 872–73 (8th Cir. 2010).

A complaint must be liberally construed in the light most favorable to the plaintiff. *Eckert v. Titan Tire Corp.*, 514 F.3d 801, 806 (8th Cir. 2006). The Court must accept the facts alleged as true, even if doubtful. *Twombly*, 550 U.S. at 555. Thus, a well-pleaded complaint may proceed even if it appears that recovery is very remote or unlikely. *Id.*; *Young*, 244 F.3d at 627.

## Discussion

**Declaratory Judgment – Count IV**

In Count IV, Plaintiffs seek "a declaration of the rights, status, and legal relation of the parties." Defendant argues that Plaintiffs' request for declaratory judgment should be dismissed because declaratory judgment would not serve to clarify and settle the legal relations at issue. Plaintiffs respond that declaratory judgment would at least clarify and help settle the issue of whether the Plaintiffs were at-will employees or entitled to Constitutional protections.

The Declaratory Judgment Act states that "In a case of actual controversy within its jurisdiction . . . any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any

6

interested party seeking such declaration, whether or not further relief is or could be sought." 28 U.S.C. § 2201. Rule 57 of the Federal Rules of Civil Procedure provides: "The existence of another adequate remedy does not preclude a judgment for declaratory relief in cases where it is otherwise appropriate." However, "Rule 57 is not construed to mean that a declaratory judgment action 'will lie whenever there is a pending controversy, regardless of the need for it.'" *Amerisure Mut. Ins. Co. v. Maschmeyer Landscapers, Inc.*, No. 4:06-CV-1308 (CEJ), 2007 WL 2811080, at *2 (E.D. Mo. Sept. 24, 2007) (*quoting Larson v. General Motors Corp.*, 134 F.2d 450, 453 (2d Cir. 1943)). A party may challenge a request for declaratory judgment on the ground that a decision on the merits will render the request for declaratory judgment moot. *Postal Instant Press v. Jackson*, 658 F. Supp. 739, 742 (D. Colo. 1987) (citing Wright & Miller: Federal Practice and Procedure § 1406 (1971); *Larson*, 134 F.2d 450.)

Plaintiffs' First Amended Complaint contains Constitutional claims as well as a claim of wrongful termination, the outcome of which will necessarily settle the issues of the parties' rights, status, and legal relationships, especially as to the Plaintiffs' status as either at-will or protected employees. The request for declaratory relief in this instance is not well placed, and will be dismissed.

**Civil Conspiracy – Count V**

Plaintiff alleges that Defendant conspired with his political donors to deprive Plaintiff of their rights.

> To prove a 42 U.S.C. § 1983 conspiracy claim, a plaintiff must show: (1) that the defendant conspired with others to deprive him of constitutional rights; (2) that at least one of the alleged co-conspirators engaged in an overt act in furtherance of the conspiracy; and (3) that the overt act injured the plaintiff. The plaintiff is additionally required to prove a deprivation of a constitutional right or privilege in order to prevail on a § 1983 civil conspiracy claim.

*White v. McKinley*, 519 F.3d 806, 815 (8th Cir. 2008) (*citing Askew v. Millerd*, 191 F.3d 953, 957 (8th Cir.1999) (internal citations omitted)). "For a claim of conspiracy under Section 1983, the plaintiff need not show that each participant knew 'the exact limits of the illegal plan ...,' but the plaintiff must show evidence sufficient to support the conclusion that the defendants reached an agreement to deprive the plaintiff of constitutionally guaranteed rights." *Id.* at 816 (*citing Larson by Larson v. Miller*, 76 F.3d 1446, 1458 (8th Cir. 1996)).

Defendant contends that this civil conspiracy claim should be dismissed as insufficiently pled because the First Amended Complaint fails to plausibly plead that an agreement to deprive the Plaintiffs of their rights existed between Defendant and his political donors. The Court agrees.

Plaintiffs assert that the hiring of Defendant's political consultant to replace Sherrod "required planning and conspiring with said political consultant prior to replacing Plaintiff Sherrod to wrongfully terminate her employment." Even

accepting all of Plaintiffs' allegations as true, and granting all reasonable inferences in their favor, this is not a reasonable inference that can be drawn from the First Amended Complaint. Although it can be inferred from the pleadings that the political associates knew they were to be hired on January 2, Plaintiffs make no allegations from which the Court can infer that the political associates/new hires knew that Defendant planned to **illegally** terminate Plaintiffs. Plaintiffs' argument that a new hire would necessarily be involved in the termination of their predecessor is not logically sound; therefore Plaintiffs have failed to allege the requisite agreement between conspirators.

Plaintiff also makes allegations that Denise Starks filed a false and frivolous sexual harassment complaint against Simmons in the month before Defendant took over as Recorder of Deeds. If these allegations are meant to be construed as part of Count V, they must also be dismissed. Plaintiffs acknowledge that the complaint was dismissed as false by the previous Recorder of Deeds before Defendant could take office. Plaintiffs acknowledge that Defendant did not and could not base his termination of Simmons on the harassment complaint. Therefore, Simmons has failed to show that his employment interest was injured by the alleged conspiracy of Defendant and the sexual harassment complainant.

Plaintiffs have failed to adequately plead a claim of civil conspiracy related to the alleged violations of rights. Count V must be dismissed.

9

**Conclusion**

For the foregoing reasons, Defendant's Motion to Dismiss Counts IV and V is granted.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant's Motion to Dismiss Counts IV and V, [Doc. No. 16] is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiffs' Motion to Supplement, [Doc. No. 12] is **GRANTED**.

Dated this 22nd day of May, 2019.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE